# Stearly's Appeal.

Grant.
3g 270
199  181

1. Want of jurisdiction may be taken advantage of at any stage of the proceedings.

A trustee appointed by court to fill a vacancy occasioned by death or resignation succeeds exactly to the powers of him whose place he fills.

3. The jurisdiction over testamentary trustees is concurrent in the Common Pleas and Orphans' Court.

4. The fifteenth section of the act of 14th June, 1836, gives jurisdiction to the Common Pleas over trustees, whether appointed by " deed, will, or otherwise."

APPEAL from the decree of the Court of Common Pleas of *Philadelphia*, confirming the auditor's report on the account of Jacob Stearly, trustee and administrator *cum testamento annexo* of the estate of Henry Apple, deceased.

*Goodman*, for appellant.

*J. E.* and *A. C. Gowen*, for appellees.

The opinion of the court was delivered February 28th, 1859, by

THOMPSON, J.—We see no error in the opinion of the learned judge of the Common Pleas in disposing of the exceptions to the auditor's report on the account of the appellant, and we dismiss the exceptions for the reasons so well given therein.

It should be remarked, however, that the fifth exception does not properly belong to this investigation. It was not within the jurisdiction of the auditor, nor passed upon by the learned judge of the Common Pleas.

The exception is that " the court erred in ordering deeds to be executed to the guardians of the minor children of Walter and Alexander, who became purchasers of real estate, but did not comply with the terms of sale. The accountant having given security for the execution of his trust," &c. The Orphans' Court made this order, and it is not before us for review in the appeal from the decree of the Common Pleas settling the accounts of the trustee. It is therefore dismissed as entirely irrelevant to the matter before us.

The eighth exception was to the jurisdiction of the Common Pleas in relation to this account. It is somewhat late in this controversy to bring this matter to the notice of the court. The accountant filed his account in the Common Pleas. That court referred it to an auditor, and the parties have been *litigating* it before him for something like four years without *interposing* the objection that it was all *coram non judice*. But as

it is a settled rule that want of jurisdiction may be taken advantage of at any time, we will briefly consider it now.

The testator, Henry Apple, deceased, appointed his executors, *nominatim*, trustees. By death and resignation the office of the trustees became vacant, and the accountant was appointed trustee by the court in 1830. By this appointment he succeeded exactly to the powers and duties of those whose places he supplied. (5th sec. act June 14th, 1836.) The fifteenth section of the same act gives jurisdiction to the Court of Common Pleas over trustees, whether appointed by "deed, will, or otherwise." In *Wheatley* v. *Badger*, 7 Barr, 459, it was decided that its jurisdiction was exclusive; but in *Browne's Appeal*, 2 Jones, 333, and since recognized in *Siebert's Appeal*, 7 Har. 49, and later cases, the jurisdiction over testamentary trustees has been held to be concurrent in the Common Pleas and Orphans' Courts. There has been no statutory change of the law since these decisions, and consequently the Common Pleas had jurisdiction of this account. Twenty years after the appointment as trustee he was appointed administrator *cum testamento annexo* under the will of Henry Apple, deceased. But the account before the Common Pleas was not in this character, although it is headed as the account of the appellant, trustee, and administrator *cum testamento annexo*. This was simply a blunder, attributable, like some other things in it, to the fact that the account was stated by the trustee himself without the necessary *capacity* for such an undertaking. But whatever the reason might have been, the account was filed in the Common Pleas, and that court had jurisdiction of it, and full power to make such decrees in regard to it, as were right and proper in such a case.

Decree of the Common Pleas affirmed, at the costs of the appellants.