## Foley and Kelly *versus* Tovey.

1. A club was formed to free its members from draft; if any member volunteered or put in a substitute he was to receive $300. The fund of the club was paid by its treasurer to the defendants, who were not members of the club, on their promise that they would fill the quota of the whole township. The plaintiff, who was a member of the club, was drafted and put in a substitute. *Held*, that the plaintiff was entitled to recover the $300.

2. The fund passed to the defendants covered with a trust to pay it according to the terms of its subscription, and the defendants stood in the position of the club.

3. Under the Act of June 13th 1836, § 13, the Court of Common Pleas had jurisdiction in equity; the club being an unincorporated association, the money being trust-money and the defendants being merely stakeholders.

January 29th 1867. Before Woodward, C. J., Thompson, Strong, Read and Agnew, JJ.

Appeal of Martin Foley and Michael Kelly from the decree of the Court of Common Pleas of *Schuylkill county*. In Equity.

Thomas Tovey filed a bill in equity to June Term 1865, against Foley and Kelly, the defendants, asking that they should be decreed to pay him the sum of $300 out of a fund which had been put into their hands as a committee of the citizens of Cass township, for the purpose of relieving the township of the draft.

A club, of which the complainant was one, had been formed at Minersville, in that township, and a resolution passed that every member should pay $50 to furnish substitutes for each man who should be drafted and to pay him $300, either to find a substitute or go himself. Thomas R. Kear was the treasurer of this club, to which the complainant had paid $50. Another club was formed at Mine Hill Gap, which agreed to pay " $50 for the benefit of buying substitutes for any who should be drafted," and if that sum " should not be sufficient to buy substitutes to clear them of the draft," then they agreed to pay so much more as would be sufficient.

A third club was formed at Primrose Hill, also in Cass township, of which the defendants were appointed a committee to raise funds and procure substitutes. The defendants induced the treasurers of the other clubs to pay to them $2800 of their funds, under the promise that they would fill the quota of the township. Before the money of the other clubs was paid to the defendants, they were informed upon what conditions it had been subscribed.

After the payment of the funds of the Minersville and Mine Hill clubs, a meeting was held at Primrose Hill by citizens of Cass township. The defendants gave evidence that at this meeting a resolution was passed, which was not put into writing, that a man who volunteered or was drafted and went himself, should get $300, but that any who put in a substitute should not receive $300.

The plaintiff was afterwards drafted, and put in a substitute at

[Foley *v.* Tovey.]

a cost of $1000. Enough of the funds was in the hands of the defendants to pay all those claiming from it under the conditions of the subscription. The defendants resist the claim under the resolution of Primrose Hill; the contributors to the fund claiming that it should be distributed *pro ratâ* among all of them.

The court below (Ryon, P. J.) decreed that the defendants should pay the plaintiff $300 out of the funds in their hands.

The errors assigned were, entering the decree for the payment of the $300, and not dismissing the plaintiff's bill.

*F. B. Gowen* and *C. D. Hipple*, for appellant.—The plaintiff is not entitled under the evidence to receive the $300.

In this case a bill in equity cannot be maintained.

*J. W. Ryon*, for appellees, cited Act of June 16th 1836, § 13, Purd. 401, pl. 3, Pamph. L. 789.

The opinion of the court was delivered, February 14th 1867, by

Read, J.—This case arises out of a club or association formed to provide substitutes for those of its members who should be drafted under the proclamation for 300,000 men to be raised by draft unless the quota was filled by volunteers prior to the 15th of February 1865. This was clearly the intention of the Minersville club, of which the plaintiff was a member, and to which he paid his subscription. He was drafted, and was obliged to pay $1000 for a substitute, and he now claims $300 for this substitute, which sum it is agreed must have been paid to him if he had gone himself, or to a volunteer provided for him.

A similar agreement was entered into by the Mine Hill Gap club. Another meeting was held at Primrose Hill, and the defendants were appointed a committee to collect funds. The defendants induced the treasurer of the two other clubs to pay over to them the funds they had collected, amounting to $2000, from the Minersville club, and $800 from the Mine Hill Gap club, and now refuse to pay to those members of the Minersville club or association who were drafted and were obliged to provide substitutes the sum of $300 each, under pretence of a resolution not in writing, said to be passed by the Primrose Hill meeting or club, after the receipt of the trust-money of the two other clubs by the defendants.

The money of the Minersville club passed into their hands, covered with a trust to pay it out to the persons who would be entitled to it under the terms of the agreement by which the money was subscribed and paid into the treasury of that club; in fact, the defendants stand exactly in the position of that club. The plaintiff is one of those persons, and the court below were right in their decree giving him the $300.

[Foley *v.* Tovey.]

It is, however, objected that this case is not within the jurisdiction of a court of equity.

This case relates to the transactions of three clubs, or unincorporated associations, over whom express supervision and control are given by the Act of Assembly, and as trust-money it comes within the clause giving jurisdiction to the court so far as relates to the care of trust-moneys and property, and other moneys and property made liable to the control of the court.

And as the defendants claim no right of property in said money, but are in reality only stakeholders, it might properly come within the 4th paragraph of the second division of the 13th section of the Act of 16th June 1836, as suggested by plaintiffs, if the defendants had instituted the proceedings, and the other members of the Minersville club were claimants.

It appears, therefore, to us, that the court had jurisdiction, and that it is a case proper for its exercise.

Decree affirmed.