# Wolf *versus* Commonwealth *ex rel.* Schleiffer.

1. The Act of June 14th 1836 (Mandamus) does not give jurisdiction to the Court of Common Pleas in cases of unincorporated associations.
2. The jurisdiction of the Court of Common Pleas is limited to the cases mentioned in the act.

February 15th 1870. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia :* Of July Term 1870, No. 212.

The proceedings in the court below, which commenced July 21st 1869, were by the Commonwealth, *ex relatione* Abraham Schleiffer, against John E. Wolf, Jacob Ihrig and Adam Ihrig, Trustees, &c., of Columbus Grove, of the United Ancient Order of Druids.

The proceedings were in the first instance originated by a case stated, in which Schleiffer individually was the plaintiff against the same defendants.

In order to give the court jurisdiction, it was agreed that proceedings by mandamus should be substituted, a petition filed

[Wolf *v.* Commonwealth.]

and return made as to an alternative mandamus issued in accordance with the prayer of the petition.

The relator, therefore, filed a petition setting forth the existence of a beneficial association known as the United Ancient Order of Druids, composed of a Grand Grove and divers subordinate groves, of which Columbus Grove is one; that said Grove is governed by certain rules, &c.; that the object of the Order is by weekly contributions and dues to be paid by each member, to establish a fund and pay weekly benefits to members in good standing during sickness; that Columbus Grove is unincorporated; that the petitioner had been a member of the Grove in good standing since 1854; that in September 1868 the petitioner had by the Grove been suspended and excluded from his rights and privileges as a member; that before his suspension he was sick and entitled to a weekly sum of $4, from September 24th 1868, which the Grove refuses to pay. He prayed that he might be restored to membership, and that a mandamus issue to the defendants and the other officers and members of Columbus Grove to restore him to membership, and grant him all his rights, benefits, &c.

The return set out the constitution, &c., of the order and of Columbus Grove, that the petitioner had been suspended for twelve months by Columbus Grove, from which he appealed to the Grand Grove, which sustained the action of the Columbus Grove; the return also set out the minutes of the Grand Grove and Columbus Grove, showing the grounds of the suspension. The statement of these grounds is not necessary to an understanding of the decision of the Supreme Court.

The following agreement was made by the parties to the proceeding:—

" If the court should be of opinion that its jurisdiction extends to adjudication upon these facts, and that the plaintiff is lawfully entitled to receive the said benefits, judgment shall be entered for the plaintiff for a sum equal to the amount of four dollars per week to be computed from the 24th day of September 1868, until the day of judgment. But that if the court be of opinion that the said plaintiff is not lawfully entitled to receive the said benefits, judgment shall be entered for the defendants with costs."

The court decided that the "petitioner be restored to all his rights and privileges as a member of said Columbus Grove, &c., and that the respondents do pay to the petitioner the sum of $168, being the amount of damages sustained by him, the petitioner, by reason of said suspension from membership by Columbus Grove."

On writ of error by the defendants, they assigned the decree for error.

*J. H. Sloan* (with whom was *J. Goforth*), for plaintiff in error.— The power of the Court of Common Pleas, under the Act of June

[*Wolf v. Commonwealth.*]

14th 1836, § 18, Pamph. L. 626, Purd. 688, pl. 1, does not relate to unincorporated societies.

*F. K. Ditman*, for defendant in error.

The opinion of the court was delivered, July 7th 1870, by
AGNEW, J.—This anomalous case appeared in the Common Pleas first in the form of a case stated for the opinion of the court. It was then converted into a petition for a writ of mandamus, the case stated to stand as a return to the writ, and thereupon a final judgment was rendered, restoring the plaintiff to his membership in the Columbus Grove, No. 3, of the United Ancient Order of Druids, and awarding payment of his dues in arrear.

The Columbus Grove is an unincorporated association, and does not fall within the jurisdiction of the Court of Common Pleas. The 18th section of the Act of 14th June 1836, Pamph. L. 621, confers on the Court of Common Pleas the power "to issue writs of mandamus to all officers and magistrates elected or appointed in and for the respective county, or in and for any township, district or place within such county, and to all corporations being or having their chief place of business within such county." This delegation of jurisdiction is specific, and unlike that to the Supreme Court, which gave to the latter, "*besides the powers hitherto possessed,*" the power to issue such writs to any other court or tribunal constituted by the authority of the laws of this Commonwealth, in all cases where such interposition shall, in the discretion of the said court, be necessary to the advancement and due administration of justice : § 10, art. 16, June 1836, Pamph. L. 787. The power of the Common Pleas is, therefore, limited to the cases mentioned in the act.

I find no instance of a writ of mandamus issued by the Court of Common Pleas to individuals in their private relations, or to associations having no chartered powers, which has reached this court and been supported. The writ in this case was not within the power of the court, and the judgment was therefore erroneous.

Judgment reversed.