# Neff, Appellant, *v.* Pennsylvania Daughters of Liberty.

*Corporations—Beneficial associations—Expulsion of member—Tribunal of the association—Equity—Jurisdiction.*

A court of equity has jurisdiction to entertain a bill praying for a decree to reinstate to membership a person who is alleged to have been wrongfully expelled from a beneficial association.

Where the by-laws of the beneficial association provide proper tribunals to pass upon the question of the expulsion of members, members must resort to such tribunal, and if the proceedings before the tribunal are conducted in conformance with the by-laws, and without fraud, the judgment of the tribunal is final and conclusive; and a member who has been expelled by such judgment cannot thereafter maintain a bill in equity for reinstatement.

Argued Nov. 8, 1915.   Appeal, No. 297, Oct. T., 1915, by plaintiff, from decree of C. P. Lancaster Co., Equity Docket No. 6, dismissing bill in equity in case of Ida Neff v. Charles F. Schied, Albert McCutcheon, John C. Reese, Anna Scheid and others, Trustees, members and officers of Lady Franklin Council, No. 85, of Pennsylvania Daughters of Liberty.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for a mandatory injunction to compel the reinstatement of plaintiff as a member of an unincorporated beneficial association.

LANDIS, P. J., filed the following opinion:

So far as regularity is concerned, the proceedings against the plaintiff, which resulted in her expulsion from Lady Franklin Council, No. 85, Daughters of Liberty, seems to have been conducted in conformance with the several laws regulating this order.   The notice of the charge made against her by John C. Reese was, in our judgment, sufficiently served upon her; but, even conceding that it was not, she, without protest, appeared at

the hearing and any informality in the service was thereby waived. Of all subsequent action, whether by Lady Franklin Council or by the Appeal Committees and Officers of the State National Councils, she, according to the papers offered by her, received due notice.

That by Law XIII, Sec. 9, a committee, who has been appointed to hear charges, must, if the accused refuses or neglects to stand trial when duly summoned, report such party guilty of contempt of the council, is, from its reading, plain; and by this section, the report thus made is conclusive of the contempt, and the punishment is expulsion. Now, it appears beyond dispute that, under this law, the plaintiff was expelled from this order by Lady Franklin Council. She, being dissatisfied, had recourse to the appellate tribunals of the order, and they, in due form, have sustained that action. The only question, therefore, remaining to be determined is, whether such a law, enacted by a beneficial order like this, is valid and binding upon the members.

In Myers v. Fritchman, et al., 6 Pa. Superior Ct. 580, it is said that "it has long been settled that, when one becomes a member of such an organization (a beneficial organization) as this, he accepts and is bound by the rules adopted for its government. His rights and liabilities are regulated by those rules, whether they be called a constitution or by-laws, or both; provided they are not in contravention of the laws of the Commonwealth: Com., ex rel., v. Pike, Etc., Society, 8 W. & S., 247; Com. v. Union League, 135 Pa. 301. This doctrine has been recognized in many other cases, and is in conflict with none."

It is also held, in the case just cited, that a member must resort to the tribunal of his order, and that the judgment of such tribunal is final and conclusive. Quoting from the opinion of the court, it is said: "In seeking right arising under the constitution of the order, he must pursue the methods provided by the constitution. In the present case, the order to which the plaintiff belonged

has, by its constitution, provided tribunals for the settlement of his claim. He was bound to resort to these, and is concluded by their adjudication. He does not deny that their proceeding in relation to his claim were regular, nor that he had full opportunity of being heard. Their jurisdiction is not to be transferred to the courts of law because of an adverse decision, or his failure to employ or to exhaust the methods provided for its exercise." In Black and White-Smiths' Society v. Vandyke, 2 Wh. 309, Mr. Justice GIBSON said: "Into the regularity of these proceedings, it is not permitted us to look. The sentence of the society, acting in a judicial capacity, and with undoubted jurisdiction of the subject-matter, is not to be questioned collaterally, while it remains unreversed by superior authority. If the plaintiff has been expelled irregularly, he has a remedy by mandamus to · restore him. But neither by mandamus nor action can the merits of his expulsion be re-examined. He stands convicted by the sentence of a tribunal of his own choice, which, like an award of arbitrators, concludes him." See, also, Crow v. Capital City Council, 26 Pa. Superior Ct. 411; Badger v. Æolian Council No. 17, 39 Pa. Superior Ct. 406.

In Commonwealth v. Union League, supra, Mr. Justice CLARK remarked: "We see nothing unreasonable in a by-law of a club, consisting of gentlemen, who are associated for patriotic and social purposes, requiring the observance of a proper decorum and gentlemanly personal intercourse between the members, whilst within the walls of the clubhouse; the lack of such regulations would certainly tend to promote such disorder and dissension as would be fatal to the attainment of the objects of the association. Any vilification of a member or exhibition of personal rancor towards him, or the use of abusive or offensive epithets respecting him, especially in his presence and hearing, within the clubhouse, is without doubt disorderly and injurious to the interests of the club. Nor is the by-law in question illegal or in

254 NEFF, Appel., v. PA. DAUGHTERS OF LIBERTY.

conflict with the charter·in this, that it does not designate and define the various and specific acts which will be deemed disorderly...... What is orderly, and what is disorderly conduct injurious to the interests and hostile to the objects of the league, must necessarily be determined by some proper tribunal; and the board of directors, to whom the practical management of its affairs is given, constitutes in the first instance the tribunal which the members have themselves set up to have and exercise jurisdiction over such offenses." See, also, Beeman v. Supreme Lodge, Shield of Honor, 215 Pa. 627.

Now to call a fellow member "a liar" at a meeting of the council, in the presence of other members, could hardly be said to be such language as would promote the peace and harmony of the body to which these parties belonged. It certainly could be contained within the words "improper language," which subject such person to trial under Law XII, Sec. 4. If this be true, then her refusal to plead and be tried, and her leaving the meeting of the committee, with the remark that she "had no business there," subjected her to the penalties contained in Law XIII, Sec. 9. She was regularly heard upon this complaint, and we think the decisions of the tribunal of her order are binding and conclusive upon her.

Even should this conclusion be incorrect, her proper remedy was by mandamus for reinstatement, and, therefore, under no circumstances could she maintain this bill.

The bill is now dismissed at the costs of the plaintiff.

*Error assigned* was decree dismissing the bill.

*B. F. Davis*, for appellant, cited: Com., ex rel., v. German Society, 15 Pa. 251; McSparran v. Southern, Etc., Ins. Co., 193 Pa. 184; Weiss v. Musical Mut. Protective Union, 189 Pa. 446; Fowler v. Eddy, 110 Pa. 117.

*H. Frank Eshleman*, for appellee.—Where, in a fra-

ternal society, rules provide for an offense and direct
the mode of proceeding and authorize the society to expel
a member, the proceedings being regular, the conclusion
cannot be attacked: Crow v. Capital City Council, 26
Pa. 411; Sanderson v. Brotherhood of R. R. Trainmen,
204 Pa. 182; Sperry's App., 116 Pa. 391; Lerch v. Harris, 2 Brewster 571; Connor v. Simpson, 104 Pa. 440;
Bowen v. Cooper, 7 Watts 311.

OPINION BY ORLADY, P. J., March 1, 1916:

The plaintiff filed a bill in equity, praying for a decree to reinstate her to membership, and to her right as
a member, of Council No. 85, of Pennsylvania, Daughters of Liberty, a beneficial unincorporated society or
association, from which she had been expelled.

The case was disposed of on bill, answer and testimony produced by each side, and after a full hearing the
bill was dismissed at the plaintiff's costs. The opinion
filed, includes the pleadings in full, the conclusions of
fact and of law under which the court decided the question, and concluded as follows: "Even should this conclusion be incorrect, her proper remedy was by mandamus for reinstatement, and therefore, under no circumstances could she maintain this bill." With this we do
not agree, and feel that the remedy selected by the plaintiff, a bill in equity, was the proper one, and that the case
was correctly decided under the pleadings and proof, but
to prevent any misunderstanding of our decision, we feel
that this feature of the case should be noticed. We said
in Manning v. Klein, 1 Pa. Superior Ct. 210, that the
several Courts of Common Pleas, under the Act of June
13, 1836, P. L. 784, Section 13, par. 5, have jurisdiction
and powers of a Court of Chancery, so far as relates to
"the supervision and control of all corporations other
than those of a municipal character, and unincorporated
societies or associations and partnerships." This was
supported by the cases therein cited: Foley v. Tovey, 54
Pa. 190, and Wolf v. Commonwealth, ex rel., 64 Pa. 252,

in which case the action was by mandamus and, in reversing the judgment, the Supreme Court, by AGNEW, J., held, "I find no instance of a writ of mandamus issued by the Court of Common Pleas, to individuals in their private relations, or to associations having no chartered powers, which has reached this court and been supported." See also Gass's App., 73 Pa. 39. The authority of the Courts of Common Pleas to issue writs of mandamus is limited by the cases enumerated in the act: Commonwealth v. Wickersham, 90 Pa. 311; Commonwealth v. Barnett, 199 Pa. 161. This conclusion, as to her remedy, however, is not a fatal error, as the case was rightly decided, independent of this view of the court. As a general rule, the courts are reluctant to interfere with the contentions and quarrels of members of voluntary associations as long as their government is fairly and honestly administered, and never will do so as long as the complaining member has an unexhausted remedy within the association itself. The constitution and by-laws of such an association constitute a contract by which its members are alike shielded and bound, and when not in contravention of public law or some principal of public policy will be enforced; with the power to enact by-laws goes, of necessity the power to enforce them by reasonable penalties.

The facts of the case are so fully reviewed in the opinion filed in the court below that it is not necessary to restate them, and the authorities cited therein fully warrant the conclusion reached. If the trial before the council was not as complete as the plaintiff desired, it was largely due to her own insubordination when she was before that body, and having full knowledge of the charge against her, she is bound by the trial as provided in the by-laws of her association.

The bill was properly dismissed and the decree is affirmed.