## Smith v. Becht et al.

*Mandamus — Jurisdiction — Common Pleas of Dauphin County—Acts of June 14, 1836, and June 19, 1913.*

1. Want of jurisdiction may be taken advantage of at any stage of a proceeding.
2. A court is bound to take notice of a question of jurisdiction, although no objection was made on the ground of want of jurisdiction.
3. Jurisdiction is a matter of law which a court must judicially notice.
4. Courts of Common Pleas in Pennsylvania had no authority to issue a writ of mandamus until such authority was conferred upon them, to a very limited extent, by the Act of June 14, 1836, P. L. 621.
5. Under the Act of June 14, 1836, the Court of Common Pleas of Dauphin County had no jurisdiction by mandamus of the Public School Employees' Retirement Board of the Commonwealth of Pennsylvania, and such jurisdiction was not conferred by the Act of June 19, 1913, P. L. 526.
5. The Court of Common Pleas of Dauphin County has jursidiction by mandamus of the Superintendent of Public Instruction of Pennsylvania, but it was held in this case that such jurisdiction ought not to be exercised.

Mandamus. C. P. Dauphin Co., Commonwealth Docket, 1924, No. 69.

*Robert W. Beatty*, for plaintiff.

*Philip S. Moyer*, Deputy Attorney-General, for defendant.

WICKERSHAM, J., Feb. 2, 1925.—The plaintiff, alleging in his petition that he was duly elected April 11, 1922, to the office of County Superintendent of Public Schools of Delaware County for a term of four years, and that, having attained the age of seventy years Sept. 16, 1923, he was retired by the defendants under the provisions of the Public School Employees' Retirement Act of July 18, 1917, P. L. 1043, on June 30, 1924, and that since that date the defendant, the Superintendent of Public Instruction, has refused to place petitioner's

name on the payroll and to issue a voucher and requisition upon the proper officers for the payment of his salary, prayed the court for a writ of mandamus, directed to the defendant, the Superintendent of Public Instruction, and the defendants, the Public School Employees' Retirement Board, commanding the Superintendent of Public Instruction to issue a voucher and requisition upon the proper officer for the payment of his salary, and compelling the said Public School Employees' Retirement Board to countermand and withdraw the said order and notification terminating his employment and to reinstate him to said office, whereupon a writ of mandamus was issued by this court in the alternative form.

The return of the defendants admits the averments of fact contained in the petition of the plaintiff. Defendants contend, however, that the exercise of the powers and duties of the said office by the plaintiff since June 30, 1924, became unlawful, for the reason that he was retired by the Public School Employees' Retirement Board of the Commonwealth of Pennsylvania, to take effect on that date, in accordance with the provisions of paragraph 2 of section 14 of the Act of July 18, 1917, P. L. 1043. The defendants deny the legal conclusions contained in the seventh, eighth and ninth paragraphs of the plaintiff's petition.

The plaintiff demurred to the return of the defendants and the case was heard by the court on petition, return and demurrer.

It will be observed that this is an effort on the part of the plaintiff, A. G. Criswell Smith, to compel the members of the Public School Employees' Retirement Board of the Commonwealth of Pennsylvania, by mandamus, to countermand and withdraw the order and notification terminating his employment and to reinstate him to said office. We do not think this court has any jurisdiction to issue a writ of mandamus to the said defendant board. The question of jurisdiction was not raised, either by the learned Attorney-General or by counsel for the plaintiff. Want of jurisdiction, however, may be taken advantage of at any stage of the proceeding: Stearly's Appeal, 3 Grant, 270; and we are bound to take notice thereof, even though no objection is made on the ground of want of jurisdiction: City of Lansing *v.* Chicago, M. & St. P. Ry. Co. (Supreme Court of Iowa), 52 N. W. Repr. 195; Kline *v.* Kline, 57 Iowa, 386, 10 N. W. Repr. 825. It is a matter of law which the court must judicially notice. It is not like the ordinary case of limitations or presumptive bar from lapse of time, determination of which may depend upon the proof of the cause: Berrett *v.* Oliver et al. (Supreme Court of Maryland), 7 Gill. & J. 191-207.

The writ of alternative mandamus originally issued against "J. George Becht, Superintendent of Public Instruction, and the State Retirement Board." Later, we permitted the plaintiff to amend the caption by stating the parties defendant as follows: "J. George Becht, Superintendent of Public Instruction, and Charles J. Becht, Charles A. Snyder, Samuel M. Goodyear, Aaron S. Kreider, Robert E. Laramy, Grace G. Swan and Lucy W. Glass, members of Public School Employees' Retirement Board of the Commonwealth of Pennsylvania."

The Courts of Common Pleas in the State never were authorized to issue the high prerogative writ of mandamus until it was conferred in a very limited form by the Act of June 14, 1836, P. L. 621, which declares that they shall, within the respective counties, have the like power with the Supreme Court to issue writs of mandamus to all officers and magistrates elected or appointed in or for the respective county or in or for any township, district or place within such county, and to all corporations being or having the chief

place of business within such county: Wolf v. Com., 64 Pa. 252; Com. v. Wickersham, 90 Pa. 311. The defendants, who compose the members of the Public School Employees' Retirement Board of the Commonwealth of Pennsylvania, are not officers and magistrates elected or appointed in and for the County of Dauphin, nor are they a corporation being or having a chief place of business within such county, nor are they included among the parties named in the Act of June 19, 1913, P. L. 526, conferring jurisdiction upon the Court of Common Pleas in which the seat of government is or may be located to issue writs of mandamus to the officers and boards in said act more fully set forth: Farnham v. The Pennsylvania State Board of Examiners for Registration of Nurses et al., 15 Dauphin Co. Reps. 38.

We have jurisdiction to issue the writ against J. George Becht, Superintendent of Public Instruction, but it ought not to be exercised. It appears from the pleadings that the plaintiff, after he attained the age of seventy years, was retired by the defendants, the members of the Public School Employees' Retirement Board of the Commonwealth of Pennsylvania, as county superintendent, on June 30, 1924. The Superintendent of Public Instruction could not place his name on the payroll and issue a voucher and requisition upon the proper officers for the payment of his salary unless he was reinstated by said board. We have no jurisdiction to compel the said board to reinstate him by writ of mandamus. It appearing that the plaintiff is no longer county superintendent of Delaware County, he is, therefore, not entitled to receive his salary as such officer, nor to have granted the prayer of his petition for a writ of mandamus commanding the Superintendent of Public Instruction to issue a voucher and requisition upon the proper officer for the payment of his salary.

For the reasons we have given, the proceeding is, therefore, dismissed, at the cost of the plaintiff.

From Sidney E. Friedman, Harrisburg, Pa.