J-S02042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RAYMOND J. EVERS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAOLA CHIAVATTI AND MYRNA CHIAVATTI | |
| Appellants | No. 1641 EDA 2014 |

Appeal from the Order of April 10, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: March Term 2014, No. 003023

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                          **FILED MARCH 11, 2015**

Paola Chiavatti and Myrna Chiavatti (collectively, "Appellants") appeal from the order of April 10, 2014, denying their appeal *nunc pro tunc* to the court of common pleas following a judgment against them entered by the Philadelphia municipal court.  We affirm.

The trial court set forth the facts of this case as follows:

On January 7, 2013, this action commenced as a landlord tenant complaint filed in the Philadelphia Municipal Court.

On February 5, 2014, judgment was entered for plaintiff, Raymond J. Evers, in the amount of $1075.00 for rent and/or utilities, $750 attorney's fees, and $1,854.31 other fees, as well as $155.50 in costs, for a total judgment of $3,384.81. Possession was granted to the landlord for nonpayment of rent. The municipal court docket states that "all appeared."

On March 19, 2014, Appellants untimely filed the instant petition for appeal *nunc pro tunc*, arguing that they had not received notice of the entry of the judgment, "until [they were] notified

by [their] attorney on March 14, 2014, of its entry." Appellant[s] further assert[] that the docket does not indicate notice was mailed to [them].

On April 11, 2014, this [c]ourt entered an Order denying Appellants' motion for *nunc pro tunc* relief.

On April 16, 2014, Appellants filed a Motion for Reconsideration to "obtain the reasons for the [c]ourt's denial of [their] petition."

On April 22, 2014, this [c]ourt entered an Order denying Appellants' Motion for Reconsideration.

On May 9, 2014, Appellants filed a Notice of Appeal to the Superior Court.

On May 12, 2014, this [c]ourt filed its Order pursuant to Pa.R.A.P. 1925(b), directing Appellants to file their Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On May 19, 2014, Appellants filed a timely Statement of Errors Complained of on Appeal, listing the procedural history of the case and complaining of general trial court error in "ignoring" the facts listed in the instant petition.

Trial Court Opinion ("T.C.O."), 7/25/2014, at 1-2. The trial court entered its

Pa.R.A.P. 1925(a) opinion on July 25, 2014, holding that Appellants' Rule

1925(b) statement was defective and that their issues on appeal lacked

merit. **See id.** at 2-6.

Appellants raise two questions for our review:

A. Did the trial court abuse its discretion in denying the petition for an appeal *nunc pro tunc*?

B. Did the trial court commit an error of law in denying the petition for an appeal *nunc pro tunc*?

Appellants' Brief at 2.[1]

Both of Appellants' questions challenge the trial court's denial of their petition for appeal *nunc pro tunc* and petition for reconsideration of the denial because "both [m]otions were unopposed by [Raymond Evers]," and "because the docket did not show mailing of the notices of judgment[,] and thus there was a breakdown in the court's operation." ***Id.*** at 8, 10-11.

Preliminarily, however, we must address the trial court's contention that Appellants waived their issues on appeal because they filed a defective Pa.R.A.P. 1925(b) statement. ***See*** T.C.O. at 2-3. Specifically, the trial court determined that the statement "does not set forth only those rulings or errors Appellant intends [*sic*] to challenge, and further does not comply with Pa.R.A.P. 1925(b)(iv), which states that 'the statement should not be redundant or provide lengthy explanations as to any error.'" ***Id.*** at 2 (citing Pa.R.A.P. 1925(b)(i)-(iv)). Appellants fail to respond to this determination in their brief.

> We have consistently held that a Rule 1925(b) statement is not in compliance with the Rules of Appellate Procedure if it is so vague and broad that it does not identify the specific questions raised on appeal.
>
> > When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the

---

[1]    Evers has not filed an appellee's brief or otherwise participated in this appeal.

trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

***Hess v. Fox Rothschild, LLP***, 925 A.2d 798, 803-04 (Pa. Super. 2007) (citations omitted).

Here, Appellants' Rule 1925(b) statement is a three-page, fifteen-paragraph recitation of the facts underlying their claims before the municipal court. **See** Rule 1925(b) Statement, 5/19/2014, at 1-3 ¶¶ 1-15. However, their statement includes the claims:

7. [Appellants] never received notice of the entry of said [judgment] until [they were] notified by [their] attorney on March 14, 2014 of its entry.

8. The docket of the Philadelphia Municipal Court in this case does not indicate that notice of the [judgment] was mailed to [Appellants].

\*     \*     \*

11. [Evers] did not oppose this Petition [to appeal *nunc pro tunc* from the Judgment of February 5, 2014].

***Id.*** at 2 ¶¶ 7-8, 14. Furthermore, the trial court was able to address Appellants' claims in its Rule 1925(a) opinion. **See** T.C.O. at 3-6. Although Appellants' Rule 1925(b) statement includes some unnecessary, lengthy explanations of perceived error in violation of Pa.R.A.P. 1925(b)(iv), it is not so vague as to have impeded the trial court's review of the issues on appeal. **See Hess**, 925 A.2d at 803-04. Thus, we conclude that Appellants have not

waived their issues due to a defective Rule 1925(b) statement, and proceed to review the merits of their appeal.

Our standard of review is well-settled:

Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the [t]rial [j]udge. More is required before such an appeal will be permitted than the mere hardship imposed upon the appellant if the request is denied. As a general matter, a [t]rial [c]ourt may grant an appeal *nunc pro tunc* when a delay in filing is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers.

*McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999) (citations and quotation marks omitted).

Here, Appellants claim the court erred or abused its discretion in denying their appeal *nunc pro tunc* because Evers failed to oppose the motion. *See* Appellants' Brief at 8-9. Further, they claim that an alleged failure to mail the notice of judgment to Appellants constitutes a breakdown in the court's operation. *Id.* at 11.

Appellants fail to develop or cite any authority for the proposition that a trial court must grant an appeal *nunc pro tunc* simply because the petition is unopposed, nor were we able to find any support of the same in our research. *See* Pa.R.A.P. 2119(a)-(b). The trial court, in granting a petition to appeal *nunc pro tunc*, is permitted to exercise its sound discretion, independent of the parties' opposition. *See McKeown*, 731 A.2d at 630. Here, the trial court determined that the petition was untimely, and that no "extraordinary circumstances involving fraud or some breakdown in the

- 5 -

court's operation through a default of its officers" justified granting the untimely appeal. T.C.O. at 4 (citation omitted).

It is well-settled that:

It is the information recorded by the justice of the peace in her records that fixes the time of judgment and not the written notice to defendant. Under Section 5 of the Act of December 2, 1968 P.L. 1137 (42 P.S. § 3005), and Pa.R.C.P.J.P. 1002, the 20-day limit for the filing of an appeal from a district justice begins to run from the time of entry of the judgment and not from the date appellant received notice thereof, and such limitation is mandatory and binding, absent any allegations of fraud or its equivalent.

*Conrad v. Kemmerer*, 447 A.2d 1032, 1033 (Pa. Super. 1982) (case citations omitted). The docket reflects that "[a]ll parties appeared" at the February 5, 2014 hearing at which judgment for Evers was entered. *See* Docket, 2/5/2014, at Entry No. 50 ("Disposition – Judgment for Plaintiff"). Appellants do not contest that they were present at the hearing. Thus, regardless of when notice was received by Appellants or their counsel, the appeal date began to run as of the hearing, at which all parties were present.

Appellants contend that a breakdown occurred because they were not mailed a notice of judgment. Appellants' Brief at 11. This is demonstrably false, as it is long-settled that a party has notice of a judgment if they were present when it was entered. *See Neff v. Pennsylvania Daughters of Liberty*, 62 Pa. Super. 251 (Pa. Super. 1916) (holding that due notice was provided where protesting party appeared at the hearing where judgment

- 6 -

was entered). Therefore, they had notice as of February 5, 2014, and no breakdown in the court's operation occurred to deprive them of timely notice of the judgment entered against them.

Furthermore, Appellants argue that they "never received notice of the entry of said [possession judgment] until [they were] notified by [their] attorney on March 14, 2014 of its entry." Appellants' Brief at 4. However, Appellants do not provide any information as to when their attorney received written notice of the entry after appearing at the hearing. Thus, absent evidence that their attorney was not timely notified, his failure to inform his clients of a judgment entered against them until March 14, 2014 cannot be attributed to a breakdown in the operations of the court. *Cf. G.A. v. D.L.*, 72 A.3d 264, 269 (Pa. Super. 2013) ("Valid service was complete when [the party's] attorney received a copy of the [contempt] petition."). This argument does not merit relief. Accordingly, the trial court did not err or abuse its discretion in determining that no extraordinary circumstances involving fraud or some breakdown in the court's operation occurred, and thus, that Appellants were not entitled to an appeal *nunc pro tunc* from the municipal court to the court of common pleas.

Order affirmed.

Judge Olson joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2015