## Loyal Orange Institution *v.* Morrison et al., Appellants.

*Beneficial association—Rules for government—Duty of members to obey rules.*

1. When a number of persons associate for the purpose of forming a beneficial association, submitting themselves to certain rules and regulations, they inaugurate their own laws of government, and must be obedient to such laws.

*Res adjudicata—New matters—Equity.*

2. Where all the issues which can enter into the determination of a point at issue are adjudicated in a previous equity hearing, other new matters which could have been passed upon, should have been presented, and, if omitted from any cause, the judgment or decree entered at the first hearing, is conclusive as to the parties to the suit or their privies.

*Res adjudicata—Courts—Courts of ultimate jurisdiction—Appeals.*

3. When a court of ultimate jurisdiction feels compelled to depart from a prior adjudication of another court of appeal, it has the power to do so, but the right will be exercised only where the prior decision presents palpable error committed on the controlling point at issue.

Argued January 18, 1921. Appeal, No. 218, Jan. T., 1921, by defendants, from decree of C. P. No. 1, Phila. Co., March T., 1919, No. 2886, on bill in equity, in case of State Grange Lodge of Pennsylvania of the Loyal Orange Institution of the United States of America, incorporated under the laws of Pennsylvania in the name of Loyal Orange Institution of the State of Pennsylvania, v. John Morrison, Master, William J. Hayes, William Kildare, John Morrow and John Little, individually, and as members and officers and as representing others associated with them as a society or lodge attempting to constitute themselves the Star Spangled Banner Loyal Orange Lodge No. 65 of the Loyal Orange Institution of

the United States.  Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Bill in equity for injunction and accounting.  Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

The court entered a decree in accordance with the prayers of the bill.  Defendants appealed.

*Error assigned,* among others, was decree, quoting it.

*C. Oscar Beasley,* for appellant.—The suit in common pleas No. 5, June Term, 1914, No. 673, and the suit in common pleas, No. 1, Sept. Term, 1916, No. 2654, are not res adjudicata: Coleman's App., 62 Pa. 252; Myers v. Keystone Coal Co., 126 Pa. 582; Jackson v. Thomson, 215 Pa. 209; Sheble v. Strong, 128 Pa. 315; Williams v. Row, 62 Pa. 118; Lewis v. Baker, 151 Pa. 529; Packet Co. v. Sickles, 72 U. S. 580.

*Walter L. Sheppard,* with him *Porter, Foulkrod & McCullagh,* for appellee.

OPINION BY MR. JUSTICE KEPHART, March 7, 1921:

This is an appeal from a decree directing the respondents to transfer the custody and possession of all property and funds now held by them and enjoining them from using the name under which they were conducting an organization to which complainants had the exclusive right of control.  In 1913 a split took place in the State Lodge of the Loyal Orange Institution of the United States of America; rival officers came into being, each pretending to be the rightful governing authority.  Local lodges throughout the State, as they felt proper, submitted allegiance to the different contesting branches of the State organization.  In an effort to ascertain which set was legally exercising the functions of office, a number of suits were instituted to restore officers to their

prerogatives and property. The determining one was entered in Common Pleas No. 5, Phila. County. This was appealed to the Superior Court: Dunlap v. Harbinson, 66 Pa. Superior Ct. 564. The decree in that case was intended to, and did, finally adjudicate certain fundamental rights pertaining to one of the contending parties, based on the law of the order. It clearly indicated how rightful officers might be chosen. That court declared the acts of the then complainants—based on an illegal appointment of a state grand master to succeed one Filson—void, and held that the deputy grand master, secretary and other officers, elected or appointed from 1911 until 1913, were the lawful authorities to act for the State Grand Lodge. The court did not pass judgment on the legality of the election held by the appellees (complainants here) at the annual convention of 1913, and the decision did not rest solely on the fact of incorporation in the courts of Allegheny County. It specifically found, under the constitution and by-laws of the order, state and national, that the then complainants could not ground a right to act for the State Grand Lodge on an illegal appointment, and, whether acting as a corporation or an unincorporated body, the officers provided for in the laws and constitution of that order were the lawful officers when Filson was suspended.

It here appears through facts found by the chancellor, unchallenged on this appeal, that the officers of complainants are the duly elected successors in office and were the lawfully constituted authorities in 1913; and in 1915 and 1917 a grand master and other officers, duly elected in unbroken succession, were, and are now, managing and administering the affairs of the State Grand Lodge; defendants in the present action are a continuation of the organization and personnel of what all parties admit was originally a duly organized subordinate lodge of the Loyal Orange Institution of the United States of America, affiliated with, and subject to, the jurisdiction of the State Grand Lodge, participating in

the management of the affairs of that lodge, paying into its treasury taxes, fees and assessments, imposed, levied under or pursuant to its laws, and yielding submission to its authority and discipline, being the same authority and discipline now exercised by, and vested in, the complainants. These acts of defendants were performed from the date of organization to the year 1913. At that time, and since, in violation of the constitution and laws of the order, they have unlawfully maintained affiliation with the contending branch, declared in the decree of Common Pleas No. 5 to be without authority to act; they have persisted in a willful violation of the laws of the order, and under its provisions have become dormant.

The decision of the Superior Court was res adjudicata in this proceeding as to the basic principles under which the election of 1913 was supposed to have been held; it now appears all things have been done in accordance with the laws of the order with reference to the election, and as these defendant lodges are part of the parent body, so found by the court, operating by, under and through the complainant Grand Lodge, it follows, defiance to their own laws and orders could only meet with the decree entered in the court below. When a number associate for the purpose of forming a body of this character, submitting themselves to certain rules and regulations, they inaugurate their own laws for government and agree to be bound thereby. To permit a few dissatisfied persons to disregard and violate the laws thus made would have the effect of entirely destroying the solidarity of institutions of this character; this is a beneficial organization, and, along with its ennobling purposes as outlined in its charter, its influence in the community cannot help being for the good. But, to preserve itself, the members must be obedient to their own laws. It was intimated by the Superior Court that it hoped the decision then given would have the effect of bringing the parties to a better understanding in this very much contested matter. It was said at the bar of

the court that all but the defendant lodges have accepted that decree, and become reconciled to the prevailing authority.

The learned counsel for appellant, in his argument, presents some new phases that might have been useful when the case was first on trial, but, as stated by the present Chief Justice in St. Hospital v. Water Supply Co., 267 Pa. 29, 36-7, 40 : All issues which could have entered into the determination of the point at issue were adjudicated in the previous equity hearing, and when any new matters are introduced, appropriate to, and could have been passed upon at, the first hearing, they should have been then presented; if omitted for any cause, the judgment or decree entered thereon is conclusive between the parties to the suit or their privies: Morrett v. Fire Association, 265 Pa. 9, 12-13......When a court of ultimate jurisdiction feels compelled to depart from a prior adjudication of another court of appeal, it of course has the power to do so, just as it may overrule one of its own judgments; but the right will be exercised only where the prior decision presents palpable error committed on the controlling point at issue.

These legal principles control the present appeal.

The decree is affirmed, costs to be paid by appellant.