## Loyal Orange Institution *v.* Morrison et al., Appellants.

*Appeals—Decrees—Failure to carry out decree.*

1. Where an appeal in an equity case has been affirmed, it should be obeyed by those against whom it is directed.

2. It is improper practice for them, through a petition to ask the court below to interpret such decree, to pass upon matters already adjudicated by the decree, and make a further order in relation thereto, and, when this is refused, to take a second appeal to the Supreme Court.

3. If such practice were permitted, orders and decrees of a court could be very much abused by supplemental petitions and appeals, to the detriment of the administration of justice.

Argued March 24, 1922. Appeal, No. 334, Jan. T., 1922, by defendants, from decree of C. P. No. 1, Phila. Co., March T., 1919, No. 2886, discharging rule to interpret decree, in case of State Grand Lodge of Pennsylvania of the Loyal Orange Institution of the United States of America v. John Morrison, Master, William J. Hayes et al., individually, and as members and officers, and as representing all other persons associated with them as a society or lodge attempting to constitute themselves the Star Spangled Banner Loyal Orange Lodge No. 65 of the Loyal Orange Institution of the United States. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to interpret decree affirmed in Loyal Orange Institution v. Morrison, 269 Pa. 564. Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Rule discharged. Defendants appealed.

*Error assigned* was order, quoting it.

*C. Oscar Beasley,* for appellants.

*Walter L. Sheppard,* for appellee, filed no paper-book.

OPINION BY MR. JUSTICE KEPHART, May 8, 1922:

When this case was here before, 269 Pa. 564, the decree of the court below was affirmed. At that time we said all issues which could have entered into the determination of the case were adjudicated in a previous equity hearing, and, as the question there raised related to that controversy, the decree of the court below should be affirmed. The matters are again brought to our attention in an appeal from an order of the court below discharging a rule granted on the petition of Thomas Young, wherein that court was asked to interpret its own decree and make a further order in relation thereto. Meanwhile, according to the demurrer, petitioners have partly, if not altogether, failed to comply with the mandatory order heretofore entered. We will not discuss the propriety of this appeal. It is apparent, however, if such practice is permitted, orders and decrees of a court can be very much abused by supplemental petitions and appeals, to the detriment of the administration of justice.

Petitioner Young does not appear as a party to the original record; nor is it averred he is a member of this lodge No. 65, except as he states he is master of Star Spangled Banner Loyal Orange Lodge No. 65 (in 1921); this, though the decree found that lodge suspended and dormant under the laws of the order, and, further, defendants were required to turn over to the Grand Lodge within thirty days all property and funds of lodge No. 65, including all furniture, furnishings, regalia, paraphernalia, charter, seal, rituals, records, books, files and papers belonging to the lodge, as well as all moneys, securities, credits, accounts, bank or saving fund deposits and deposit books, with other assets. Defendants there named were restrained from using or employ-

ing in any manner, without the consent of the State Grand Lodge, the name they then attempted to work under, and from aiding or supporting, directly or indirectly, any other organization in the State of Pennsylvania, separate and apart from the State Grand Lodge, claiming or attempting to be or function, either nominally or substantially, as a State Grand Lodge of the Loyal Orange Institution of the United States of America. Young, in the face of this order, petitions the court as master of that lodge, without authority from the recognized State Grand Lodge, and in defiance of its rights as expressed in the decree. Such conduct holds in contempt the order heretofore made.

It is further averred certain people are entitled to small sick or death benefits, amounting to $100. No time is fixed as to when they became due, and, if after 1913, when these men were openly hostile to the recognized lawful authority in this order, their lodge having been declared by that decree to be out of existence, of course they have no claim. Moreover, they have none in right of the present petitioner or any of the defendants named in this bill. Any they might have was personal, and should have been presented by each individual to the proper officers of the State Grand Lodge or other duly accredited representatives. If due recognition be refused, the court below could correct any errors. These details are matters for that court.

It is urged the State Grand Lodge is endeavoring to organize a new lodge to supplant the one declared defunct,—a power which undoubtedly existed in them by virtue of the decree originally made, if not by the laws of the order. Petitioner further insists the property should be forwarded to the Supreme Grand Secretary, and that the officers of the Supreme Grand Lodge of the United States of America were the only ones to "remove the dormancy of a lodge," reinstate its suspended members or reinstate a lodge. This is simply treating without respect the decree of the court as originally made.

Extreme leniency seems to have been exercised in forcing obedience to that decree, and, if complainants are to receive full credit for the order made, the decree should be enforced in the manner directed by law. The orders and decrees of courts of law, made after full hearing, should not be permitted to be trifled with in the manner appearing in this case.

The decree of the court below is affirmed, with a procedendo directed to the original decree entered in this case.