## State Grand Lodge of Pa., of Loyal Orange Institution of the U. S., Inc., etc., Complainant, *v.* Jno. McMaster, et al., Ninth Ward Sons of William L. O. L. No. 45, Appellants.

*Contempt of court—Failure to obey decree—Attachment—Change of conditions—Petition for rehearing.*

On a petition for attachment for contempt it appeared that a decree had been entered against defendants, officers of Lodge No. 45, of the Loyal Orange Institution, requiring them to cease functioning as Lodge No. 45, and to deliver to the plaintiff State Lodge their money, stocks and paraphernalia, and restraining them from supporting other lodges not subordinate to the plaintiff. It further appeared that defendants delivered their property, but not the stocks or cash, to the State Lodge. No appeal was taken from the decree because of proceedings looking to reinstatement. Their property was returned by the State Lodge. Later Lodge 45 consolidated with Universal Lodge 636, subordinate to plaintiff's rival state organization.

Under such circumstances the failure to pay over the funds and deliver the stock and the affiliation with a rival lodge, being plain violations of the decree, the court properly granted the petition for attachment.

The defendant's liability to pay over the funds and transfer the stock did not arise by reason of any action taken by plaintiff under

the constitution and laws of the order, but directly from the explicit terms of the decree of the court below.

The decree, unappealed from and unreversed, was conclusive of all facts necessarily decided and of all facts which might have been averred and proved by either party to maintain a right of action or a defense.

Where the court below has granted an attachment for contempt against defendants, who have refused to obey the final decree of the court, made after full hearing and in, the exercise of complete jurisdiction, a petition for a rehearing amounts to a collateral attack upon the original decree and is not a proper method of introducing the defense of a change in conditions. The correct procedure is an application for a modification of the decree.

Where a subordinate lodge of a beneficial association, within the state under the state organization of a fraternity, has been declared dormant and suspended by a decree of court, and ordered to turn over its assets to the state organization, its members cannot erect hostle lodges in defiance of the state authority and the court's order, and if they do they may be attached for contempt.

Argued April 25, 1927. Appeal No. 22, April T., 1927, by defendants from order of C. P. Allegheny County, April T., 1921, No. 205, in the case of .State Grand Lodge of Pa., of Loyal Orange Institution of the U. S., Inc., etc., v. Jno. McMaster, et al., Ninth Ward Sons of William L. O. L. No. 45. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for attachment for contempt. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court granted the petition. Defendants appealed.

*Error assigned* was the decree of the court.

*John D. Meyer,* and with him *Robert M. Edwards,* for appellants, cited: Myers v. Fritchman, 6 Pa. Superior Ct. 580; Sperry's Appeal, 116 Pa. 391; Minegar v. Minneapolis Fire Department Relief Association, 126

Minn. 332; Carr v. District Court, 147 Iowa 663; Stevenson's Estate, 7 W. N. C. 65.

*John G. Frazer,* and with him *P. K. Motheral, Walter L. Sheppard* and *Reed, Smith, Shaw & MaClay,* for appellee, cited: Dunlap v. Harbinson, 66 Pa. Superior Ct. 564; Loyal Orange Institution v. Morrison, 269 Pa. 564; Loyal Orange Institution v. Morrison, 274 Pa. 302; State Grand Lodge v. Morrison, 277 Pa. 41; Commonwealth ex rel. v. Kelley, 287 Pa. 139; Graham Roller Bearing Corporation v. Stone, 281 Pa. 229; Waldo v. Denton, 135 Pa. 181; Wilson v. Buchanan, 170 Pa. 14; Straw v. Smith, 179 Pa. 376.

OPINION BY CUNNINGHAM, J., July 8, 1927:

Appellants appeal from an order of the Court of Common Pleas of Allegheny County entered on February 4, 1926, (a) adjudging them guilty of contempt of that court because of their failure to obey a prior decree entered against them on March 21, 1923, (b) fining each of them $50, (c) directing them to comply with the former decree, and (d) committing them to jail until purged of their contempt by payment of their fines and performance of the requirements of the original decree. The fines have been paid but the original decree has not as yet been complied with. There were originally four assignments of error filed in support of this appeal but the first and second were abandoned at the oral argument and the only assignments pressed allege that the court below erred in entering the decree adjudging appellants guilty of contempt, etc., and in dismissing appellants' petition for a rehearing. This case had its origin in a division in the ranks of the Loyal Orange Institution, a secret fraternal and beneficial society, which originated in the British Empire and has also been operating for a number of years in the United States. The division occurred in 1913 and various phases of the resulting controversies have been

before our appellate courts from time to time. See Dunlap, App., v. Harbinson, 66 Pa. Superior Ct. 564; Loyal Orange Institution v. Morrison et al., Apps., 269 Pa. 564; Loyal Orange Institution v. Morrison et al., Apps., 274 Pa. 302; State Grand Lodge, App., v. Morrison et al., 277 Pa. 41; and Commonwealth ex rel. v. Kelly et al., Apps., 287 Pa. 139.

Two rival State Grand Lodges of Pennsylvania came into existence and the subordinate lodges made their election to adhere to one or the other of these Grand Lodges in accordance with their choice of sides in the factional strife. In each of the cases cited the right of the present appellee to function as the regular Grand Lodge of Pennsylvania was recognized and sustained. Among the subordinate lodges was one named the Ninth Ward Sons of William Loyal Orange Lodge No. 45, and the individual appellants herein were members and officers of this lodge. On January 11, 1921, appellee filed its bill in equity against the officers and members of said Lodge No. 45, to restrain them from claiming to be, or attempting to function as, a lodge of the Loyal Orange Institution. These proceedings resulted in a final decree, dated March 21, 1923, adjudging, inter alia, that Lodge No. 45 "became and was dormant and suspended on and ever since August 11, 1913, by reason of its repudiation of its obligations and allegiance" to appellee, whereby appellee became entitled "to the custody and possession of all the property and funds then owned" by it, and ordering and decreeing that the officers and members of Lodge No. 45 forthwith "transfer, deliver and pay over" to the secretary of appellee "all the property and funds of the said defendant Lodge No. 45 . . . . . . and all moneys, securities, Orange Hall stock, . . . . . . assets . . . . . . and in particular $754.19 in cash and six (6) shares of stock in the Orange Hall Association of Allegheny County, owned by the de-

fendant Lodge No. 45 when it became dormant.'' The defendants in that proceeding were also restrained from ''aiding and supporting, either directly or indirectly, by membership therein, service rendered or value given thereto, any other organization in the State of Pennsylvania, separate and apart from the plaintiff lodge or lodges subordinate to the plaintiff lodge'' and from attempting to function as an organization of the Loyal Orange Institution. The decree directed that the secretary of appellee hold the property and funds ordered to be turned over to him for ''at least one year, pending the revival or reinstatement'' of Lodge No. 45, etc. No appeal was taken from this decree. Shortly thereafter, viz., in June, 1923, certain proceedings were had looking toward the reinstatement of Lodge No. 45 as a lodge subordinate to appellee and the form of turning over the paraphernalia of Lodge No. 45 to the representative of appellee and then turning the same back to appellants was gone through with, but no cash or stock was paid over or transferred. No regular warrant seems to have been issued for the reinstatement but a dispensation granting the right to hold meetings as a subordinate lodge ''until such time as a regular warrant is procured and presented to them by regular Orange authority'' was issued. After this partial reinstatement meetings of Lodge No. 45 were held until February, 1924. About this time Hugh Wilson, a leader of the rebellious faction to which appellants had formerly adhered, and some of his associates incorporated the Universal Loyal Orange Institution, and issued charters to subordinate lodges in Pennsylvania. Lodge No. 45 then consolidated with one of these subordinate lodges known as Universal Lodge 636. On December 27, 1924, appellee presented its petition to the court below, reciting the prior proceedings (which we have outlined) and the terms of the final decree

and averring that the defendants therein and their associates, and particularly John McMaster, John Mc-Master, Jr., and James McMaster, appellants herein, who were members of the defendant lodge at the time of the entry of the decree and had notice thereof, had not complied therewith, and particularly had not turned over to appellee, or its secretary, the $754.19 in cash and the stocks mentioned in the decree, but had associated themselves with a rival lodge, and praying that they be adjudged to be in contempt and that an attachment issue. A rule was granted to show cause why an attachment should not issue and an answer was filed setting out the alleged reinstatement of Lodge No. 45, the turning over of the paraphernalia to appellee and its return to appellants, and averring that since the filing of the petition the paraphernalia had again been delivered to appellee. No reference however was made in the answer to the charge in the petition that the money had not been paid over or the stocks transferred. Testimony was then taken and argument had and on February 4, 1926, the decree adjudging appellants to be in contempt was entered. On April 26, 1926, appellants presented their petition for a rehearing, which petition, after reciting the original decree of March 21, 1923, averred that under the constitution and laws of the society Lodge No. 45 (declared dormant and suspended on and since August 11, 1913, in the original decree) could not have been a so-called "dormant" lodge because regular meetings had been held, etc.; that the action of appellee in suspending and declaring dormant Lodge No. 45 was illegal and that appellee was therefore not entitled to receive the moneys and securities; that meetings of Lodge No. 45 had continued until they were stopped by the decree of March 21, 1923; that during the time between August 11, 1913, and March 21, 1923, the officers of Lodge No. 45, in accordance with the

laws of the order, received and disbursed funds and maintained a beneficial fund for the benefit of its members; that all of the fund of $754.19 on hand on August 11, 1913, and referred to in the decree of March 21, 1923, was a benefit fund and that this entire fund, together with other large sums of money, had been expended subsequent to August 11, 1913, in paying death and sick benefits provided for in the by-laws, rules and regulations of the order; and closing with a prayer for a rehearing. The court below dismissed the petition for a rehearing in an opinion in which it stated that practically all the matters referred to in the petition had been presented to the court at the hearing on the original bill and that nothing had been suggested "which would render a rehearing anything else but a re-argument upon a decree made three years ago." The court added that in its opinion the above mentioned cases of Loyal Orange Institution v. Morrison, 269 Pa. 564, and 274 Pa. 302, "are conclusive against the claim of defendants as to the money in question set up in the petition."

We have reviewed this case at length because the statement of the question involved under these assignments as printed in appellants' brief is misleading rather than helpful and does not fairly present the issue decided in the court below. It is thus, though doubtless inadvertently, stated by the learned counsel for appellants: "Where a subordinate lodge of a secret beneficial society has been suspended and has, by decree of court, been ordered to pay certain funds into the hands of an officer of the state grand lodge, pending reinstatement, and the subordinate lodge is afterwards reinstated and all funds in its treasury lawfully expended, is a court justified in directing in subsequent contempt of court proceedings that the subordinate lodge pay into the hands of the state grand lodge the sum fixed by the original decree of court?"

The only inference which can be drawn from this statement of the question is that the funds had been ''lawfully expended'' after the ''reinstatement'' of Lodge No. 45. Such statement is in direct conflict with the testimony taken on the rule for an attachment and is not even in accordance with the averments of the petition. The treasurer of Lodge No. 45 from 1920 to 1923, when asked whether the money had been paid in obedience to the decree, replied, ''No we didn't have $750, never had it that I know,'' thereby showing conclusively that the money had been disposed of in some way between 1913 and 1920 and while Lodge No. 45, in the language of Loyal Orange Institution v. Morrison, 274 Pa. 302, was ''openly hostile to the recognized lawful authority in this order,'' and, as adjudged by the original decree in this case, a ''dormant'' lodge. The difficulty with appellants' contention upon this appeal is that their liability to pay over the fund and transfer the stock does not arise by reason of any action taken by appellee under the constitution and laws of the order but arises directly from the explicit terms of the decree of the court below. The contention that the fund had been exhausted in the payment of sick and death benefits was not even set up in the answer to the rule for the attachment and it was entirely too late to attempt to set up this alleged defense against the enforcement of the decree in the manner and at the time it was sought to interpose it. Under the testimony and the authorities to which we have referred, the facts averred in the petition for a rehearing would not constitute a valid excuse for appellants' failure to obey the decree. That decree, unappealed from and unreversed, is conclusive of all facts necessarily decided and those which might have been averred and proved by either party to maintain a right of action or a defense: Graham Roller Bearing Corporation, App., v. Stone et al., 281 Pa. 229. If any-

thing has really occurred by the act of the parties or by operation of law to bring about a changed condition under which it would be inequitable to enforce the original decree, application should have been made for its modification.    At its best the petition for a rehearing is nothing more than an attempt to attack the decree collaterally.    The consolidation of Lodge No. 45 with Universal Lodge No. 636, a lodge not under the jurisdiction of appellee, and the failure to pay over the funds and deliver the stock were plain violations of the decree.    The court below was clearly justified in entering the decree adjudging appellants to be in contempt and directing them to be committed until severally purged of the contempt by payment of the fines imposed and the performance of all the requirements of the original decree.

The assignments of error are dismissed and the decree is affirmed.