# Oster, Appellant, *v.* Brotherhood of Locomotive Firemen and Enginemen et al.

*Practice, C. P.—Assumpsit—Parties—Unincorporated beneficial association—Remedy by bill in equity—Equity.*

1. An action of assumpsit cannot be brought against an unincorporated beneficial association, inasmuch as there is no such entity known to the law.

2. The proper remedy to recover death benefits from an unincorporated beneficial association is by bill in equity against some of the members as representing themselves and all others having the same interest.

3. If the plaintiff in such proceeding obtains a decree the chancellor may be moved to compel defendants to see that the treasury of the association pays the claim.

Argued May 26, 1921. Appeal, No. 219, Jan. T., 1921, by plaintiff, from judgment of C. P. Lancaster Co., Feb. T., 1920, No. 51, for defendant, on affidavit of defense in nature of demurrer, in case of Annie Katherine Oster v. The Brotherhood of Locomotive Firemen and Enginemen, W. J. Carter, President, and A. H. Hawley, Secretary and Treasurer. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for death benefits.

Affidavit of defense in nature of demurrer. Before LANDIS, P. J.

The opinion of the Supreme Court states the facts. Judgment for defendants. Plaintiff appealed.

*Error assigned,* among others, was judgment, quoting it.

*B. F. Davis,* for appellant.

*K. L. Shirk* and *John A. Coyle,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1921:

Plaintiff brought an action of assumpsit against "The Brotherhood of Locomotive Firemen and Enginemen, W. J. Carter, President, A. H. Hawley, General Secretary and Treasurer, or whoever may represent the defendant," and filed a statement of claim, in which it is averred "the defendant is a fraternal and beneficial association organized for the benefit of the members and their wives, widows, children or families," that plaintiff is the widow of Andrew A. Oster, who was a member of the brotherhood, and that she is entitled to the insurance or benefits upon his life. Claimant attached to her statement a copy of the beneficiary certificate, issued by the Brotherhood, which showed that it was payable not to her but to Frances Oster, named therein as wife.

An affidavit of defense in the nature of a demurrer was filed to the statement, in accordance with the Practice Act of May 14, 1915, P. L. 483, in which it was set forth, that the action cannot be maintained, as the defendant is sued as an unincorporated beneficial association in an action of assumpsit, and that plaintiff's remedy is not at law but by bill in equity. The court sustained the demurrer, entered judgment for defendant and plaintiff has appealed.

Affirming the Superior Court in Maisch v. Order of Americus, 223 Pa. 199, we said "There is no such entity known to the law as an unincorporated association" and held that an action of assumpsit would not lie against

such a body. We took occasion to point out, however, that a plain remedy remains in equity, where suit may be brought against some of the members as representing themselves and all others who have the same interest, and in Wolfe v. Limestone Council, 233 Pa. 357, we reiterated these principles, and called attention to the fact that in the equity proceeding, after decree, the chancellor can be moved to compel the defendants to see that the treasury of the association pays the claim. Plaintiff has pursued the wrong remedy; if she wishes to test her claim, she should go into equity.

The learned court below properly sustained the demurrer, and its judgment is affirmed, without prejudice.