# Beaver Beneficial Ass'n et al. v. Fraternal Order Beavers et al.

*Ardemus Stewart,* for plaintiffs; *John A. Mawhinney,* for defendants.

ALESSANDRONI, J., Nov. 20, 1930.—The bill sets forth that the Beaver Beneficial Association and Peter Mullen hold overdue bond obligations of the defendant association. It is averred that the obligations are long overdue; that the defendant is insolvent; and the bill contains prayers requesting the appointment of a receiver. Preliminary objections to this bill were filed and subsequently the plaintiffs filed a petition to amend the prayers of the bill so as to include a prayer for judgments in favor of the respective plaintiffs for the amounts proved to be due them. Under Rule 56 of Equity Practice, "all pleadings may be amended, as of course, at any time prior to final decree, so far as relates to the prayers for relief or any other unimportant matter. . . ." The right of the plaintiffs to amendment of the bill regarding the prayers is clear. The mere fact that the rule to amend was filed after the preliminary objections is immaterial.

The preliminary objections filed to the bill set forth numerous reasons. It is contended that the plaintiff has an adequate remedy at law. It is firmly established in this jurisdiction that there is no such entity known to the law as an unincorporated association, and an action in *assumpsit* will not lie against such a body. The remedy in an action against such association lies in equity, where suit may be brought against some of the members as representing themselves and all others who have the same interest: Oster *v.* Brotherhood of Locomotive F. & E., 271 Pa. 419. An action in *assumpsit* will not lie in this case and the plaintiffs' proper remedy is in equity.

The remaining objections state that another proceeding is pending in this court as of a different term and number between these parties and that in the bankruptcy proceedings filed in the District Court of the United States the defendants were found solvent on Oct. 30, 1929. Both these objections may be considered together. While the bill recites that the Fraternal Order of Beavers have brought another proceeding in this court to enjoin the collection of increased contributions, this fact is only recited as an illustration of the

mismanagement of the defendant association which requires the appointment of a receiver. The facts alleged by the defendants constitute matters extraneous to the facts alleged in the bill, and this court cannot inquire into or take judicial knowledge of proceedings in cases other than that at bar, even though the suit may have been brought in the same court. In Weaver v. Reinhart, 11 D. & C. 120, a demurrer set forth that other proceedings were pending in the same court. It was ruled that this was a speaking demurrer and bad. The court stated: "Any demurrer not founded upon averments of the statement is a speaking demurrer, which from the earliest days has been held to be bad (Brownsword v. Edwards, 2 Ves., Sr., 243, 245) and is still so held: Wright v. Weber, 17 Pa. Superior Ct. 451, by Rice, P. J. At all times the direct rule has been and still is that 'courts, including those of probate, cannot in one case take judicial notice of their own records in another and different case, even though the trial judge in fact knows or remembers the contents thereof' (23 Corpus Juris, 113), except, perhaps, in a few rare instances having no relevancy here: Steel v. Levy, 282 Pa. 338." The rules of equity practice (Rule 48) make no provision for the filing of preliminary objections to a bill stating facts extraneous to those included in the bill. Questions raised by preliminary objections are in the same category as those raised by demurrer. They cannot be based on matters extraneous to the facts set forth in the bill: Paris v. Reichard, 40 York Leg. Record, 142; Wettengel v. Robinson, 74 Pitts. L. J. 325.

And now, to wit, Nov. 20, 1930, preliminary objections are dismissed and the respondents are required to file an answer to the bill within fifteen days. The rule to amend the prayer of the bill is made absolute.