Kenneck et al., Appellants, *v.* Pennock.

Argued October 8, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW,
JJ.

*Frank Streeper, Jr.,* with him *Romain C. Hassrick,*
for appellant.

*Witkin & Egan,* for appellee, were not heard.

PER CURIAM, November 23, 1931:

The bill alleges appellants were lawfully elected to membership in the Republican Ward Executive Committee of the Thirty-fourth Ward of the City of Philadelphia at the primary election held May 20, 1930; that on August 4, 1930, and since, defendants, who are officials of the ward committee and of the Republican party in Philadelphia, excluded plaintiffs from membership in the ward executive committee and declared their seats vacant. The bill avers that by virtue of the Uniform Primaries Act of July 12, 1913, P. L. 719, appellants are entitled to be seated and recognized as members of the committee, and prays that a decree issue restraining the thirty-fourth ward executive committee from officially meeting and transacting business until complainants shall have been recognized as members, and directing that they be seated, and, further, that persons who have been appointed in appellants' places be excluded from membership in the committee.

Defendants filed preliminary objections which may be summarized into the question: Are the matters complained of and the relief prayed for within the jurisdiction of a court of equity? The court below answered this question in the negative, refused equitable intervention and dismissed the bill.

We may take appellants' oral and written argument to admit that Kearns v. Howley, 188 Pa. 116, in which this court refused to grant an injunction in proceedings analogous to the present, would be controlling here, were it not for the Uniform Primaries Act, above cited, which appellants claim changes the effect of that decision. Plaintiffs argue that "it appears to be perfectly clear by the very definite and specific language of this act that a ward committee is a public office." The sole reason for such assumption is that ward offices are mentioned in the act in connection with "other public offices" and "all other elective public offices." It is unnecessary to quote the act as it is apparent appellants

confuse *public* officers with *party* officers. A reading of the act clearly reveals that the familiar distinction between party officers and public officers is expressly observed. Ward committeemen have no municipal duties to perform, receive no compensation from the municipality, and the committee in which they may have membership is not a creature of the government but solely pertains to an essentially political party. It is evident that the section of the act upon which appellants rely has in no way changed the law as enunciated by this court in Kearns v. Howley, supra. There, we said: "It is clear to us that no property right in plaintiffs or in any others as members of the county committee existed. As a purely political committee it neither owned nor pretended to own or to derive any benefit from anything of value held by them in common...... There is no statutory injunction or prohibition directed to chairmen and secretaries of county committees; they are amenable alone to their party, which is purely political." No citation of authorities is necessary to show that a court of equity will not "interfere with the action of voluntary and unincorporated associations where no right of property is involved: Rigby v. Connol, L. R. 14 Ch. Div. 482"; Kearns v. Howley, supra, page 120.

Our conclusion that the court below was not in error in dismissing plaintiffs' bill upon this point renders useless the discussion of other phases of the case.

The decree is affirmed; costs to be paid by appellants.