**PHILADELPHIA LOCAL 192 OF AMERI- CAN FEDERATION OF TEACHERS v. AMERICAN FEDERATION OF TEACH- ERS.**

No. 1581.

District Court, E. D. Pennsylvania.
March 31, 1942.

Saul C. Waldbaum and Abraham Koppelman, both of Philadelphia, Pa., for plaintiffs.

Syme & Simons and Philip Davidoff, all of Philadelphia, Pa., for defendants.

BARD, District Judge.

Defendants have filed a motion to dismiss the amended complaint.

On June 10, 1941, a bill of complaint was filed on behalf of Philadelphia Local 192 of the American Federation of Teachers by Mary Foley Grossman, Trustee Ad Litem and as an individual and President of the Association against the American Federation of Teachers, an unincorporated association, and its National Executive Council by George S. Counts, Ruth Wanger and Irvin R. Kuenzli, Trustees Ad Litem, and George S. Counts, individually and as President, Ruth Wanger, individually and as Vice President, and Irvin R.

Kuenzli, individually and as Secretary-Treasurer of the Association, and all other officers and members of the National Executive Council of the Association, asking the court to restrain the defendants, (1) from making effective any revocation of the charter of Local 192 American Federation of Teachers and demanding the charter or seal of the Local; (2) from issuing any new charter to any individuals in the City of Philadelphia, pending determination of an appeal; (3) from interfering with the plaintiffs' rights as guaranteed under the constitution of the American Federation of Teachers; (4) from interfering with the proper conduct of the business of the Local, pending determination of the appeal; (5) asking the court to require the defendants to recognize the credentials of Local 192 at the next convention of the American Federation of Teachers; (6) to require the defendants to present the appeal of the Local at the next convention of the American Federation of Teachers, and that plaintiff Local be afforded an opportunity to exhaust its remedy in such association by the appeal, and otherwise; (7) and such further and equitable relief be granted as the facts make necessary. The grounds for the granting of this relief were the alleged illegal and arbitrary revocation of the charter of the Local in that the charter was revoked after being submitted to the referendum vote of the general membership of the American Federation of Teachers by the National Executive Council of the association.

The plaintiffs further allege that the manner of conducting the referendum was illegal and unfair and that an appeal is now pending from the action of the National Executive Council to the next convention of the American Federation of Teachers. Plaintiffs allege that they have property rights in the dues, assessments and per capita taxes, which they have paid into the treasury of the American Federation of Teachers, in their status in the labor movement by reason of their affiliation with the American Federation of Teachers and American Federation of Labor, in the use of the name and seal of the Federation, and in the election of delegates to conventions, officers of the federal representatives at various labor organization meetings, conventions, and bodies, and in negotiations and transactions with their employers.

Motions to dismiss were filed on behalf of the American Federation of Teachers, George S. Counts, Ruth Wanger, and on behalf of the National Executive Council by George S. Counts, Ruth Wanger and Irvin R. Kuenzli.

On October 19, 1941, an amended bill of complaint was filed which differs from the original bill in that suit is brought by Philadelphia Local 192 of the American Federation of Teachers, an unincorporated and trade-union association, by Mary Foley Grossman, Trustee Ad Litem against the American Federation of Teachers, an unincorporated and trade-union association by George S. Counts, Trustee Ad Litem and as President. The individuals named in the original bill are no longer made parties plaintiff or defendant. The amended bill of complaint is substantially the same as the original bill of complaint, with a slight variation in the relief prayed for.

A motion to dismiss on behalf of the American Federation of Teachers was filed to the amended bill of complaint.

The argument of the defendants in support of the motion to dismiss is based on the following grounds: No diversity of citizenship; no diversity of citizenship set forth in the complaint; no showing of the requisite jurisdictional amount; no property right is involved; and determination of the controversy by the National Executive Council of the defendant should not be disturbed.

█ Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the capacity to sue or be sued shall be determined by the law of the state in which the district court is held, and the rule in Pennsylvania is settled that an unincorporated association may be sued in equity by naming several of its members as representative of the entire body. Maisch v. Order of Americus, 223 Pa. 199, 72 A. 528; Wolfe v. Limestone Council No. 373, 233 Pa. 357, 82 A. 499; Oster v. Brotherhood of Locomotive Firemen and Enginemen, 271 Pa. 419, 114 A. 377.

By Rule 23 of the Rules of Civil Procedure a class action may be instituted wherever the right sought to be enforced for or against a class is joint or common and the parties to be sued may be sued in the name of one or more representatives of the class which they represent.

█ It is recognized by the authorities that in a class action the question of diversi-

ty turns on the citizenship of the members who are sued as representatives and that federal jurisdiction will not be defeated even if there are other members of the defendant class who may be of the same citizenship as the representative of the plaintiff. Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673. But if an action is brought in the name of an unincorporated association against defendants who are citizens of the same state as any member of the plaintiff association, there is no federal jurisdiction. Rosendale v. Phillips, 2 Cir., 1937, 87 F.2d 454.

■ Accordingly, the federal courts have jurisdiction in class actions if brought in the name of a representative who is a citizen of a different state than the defendant, or the person named as the representative of the defendant. See Civil Procedure Rule 23; International Allied Printing Trades Association v. Master Printers Union of New Jersey, D.C., 34 F.Supp. 178; State of North Dakota v. North Central Association, D.C., 23 F.Supp. 694; Moreschi v. Mosteller, D.C., 28 F.Supp. 613; McGarry v. Lentz, D.C., 9 F.2d 680; 2 Moore Federal Practice under the new Federal Rules, p. 2001.

In the instant case the office and place of business of Local 192, the plaintiff, is in Philadelphia, Pennsylvania, and its named individual representative is a citizen of the same place. The office and place of business of the defendant federation is in Chicago, Illinois, and its named individual representative is a citizen of the state of New York.

■■ While it would appear proper, and might have been better practice, to bring the action in the present case by Grossman as representative of the local, against Counts as representative of the national, rather than in the name of the local by Grossman, trustee ad litem, against the national by Counts, trustee ad litem, the rule would appear to be that diversity exists if the representatives are citizens of different states.

Plaintiffs have likewise failed to comply strictly with Civil Procedure Rule 8(a) which requires a short and plain statement of the grounds upon which the court's jurisdiction depends, but there are allegations which would support jurisdiction on the basis of diversity of citizenship.

On the question of the amount in controversy, there is an allegation that it is in excess of $3,000. The complaint alleges that the plaintiff local and the members have contributed large sums of money by way of dues and assessments to the national and that they have received in the past aid and assistance and support for legislation beneficial to their objectives, furthering their organization purposes, and bettering their working conditions, and that as a member of the federation they are entitled to use the name and seal of their local, to elect delegates to conventions and officers and representatives to various labor organization meetings. These are the property rights asserted by the plaintiffs to give jurisdiction to the court. If these do constitute property rights, it would seem that a motion to dismiss should not be sustained as a preliminary matter, because there is an allegation that they have a valuation in excess of $3,000, and this would be a matter of proof if the plaintiffs sought to sustain the jurisdiction.

This brings up the principal question raised, namely, whether the plaintiffs have a "property right" which will support the jurisdiction of a court of equity.

The defendants have cited a number of cases to the effect that equity courts will grant relief against expulsion of a member of a local by a voluntary association only where the expelled party has been deprived of property rights, and that in the absence of the right to participate in death benefits or something of that nature, there exist no such property rights. Most of these cases, however, concern expulsions from religious bodies or voluntary associations other than labor unions, and arise in an indirect way, such as an action by a local union to enjoin another local from holding itself out to be the local representing the national federation in a given area following the expulsion of the plaintiff local. O'Brien v. Musical, etc., Union, 64 N.J.Eq. 525, 54 A. 150.

There are no Pennsylvania cases cited by the defendants. There have been cases in Pennsylvania which have recognized the general rule that where no property right is involved equity will not interfere with the internal management of an unincorporated association. Kearns v. Howley, 188 Pa. 116, 41 A. 273, 42 L.R.A. 235, 68 Am.St.Rep. 852; Kenneck v. Pennock, 305 Pa. 288, 157 A. 613, both of which were cases in which members of political organizations tried to compel or restrain the organization from taking certain action with respect to them.

On the other hand, there are Pennsylvania cases which have recognized the right of a member of an unincorporated association to relief against expulsion from the association when the action is not taken in accordance with its by-laws. Manning v. Klein, 1 Pa.Super. 210; Hugh McLaughlin Beneficial Society v. Sweeney, 4 Walk., Pa., 163. It does seem to be a very unreal approach to say that a court of equity will not take jurisdiction because of the absence of a "property right", assuming that a local of a union containing a great many members who have contributed substantial sums to the union funds and who have been entitled to participate in its functions and in formulating its policy, has been expelled in a manner contrary to its by-laws and has exhausted its remedies within the larger association to no avail.

The complaint in the case at bar alleges that a quoted section of the constitution of the national association requires that a local may not be expelled except after a two-thirds vote of the body membership and an appeal to the national convention. It further recites that plaintiff local has been expelled and has sought to present its appeal to the national convention which in contravention of its by-laws refused to permit it to present this appeal and announced that the plaintiff was expelled. If these allegations are true, it appears prima facie that the plaintiff local has been expelled without compliance with the provisions of the constitution and having exhausted remedies within the association, plaintiffs are in a position to apply to a court of equity for relief.

In a very good article by Professor Chafee, entitled The Internal Affairs of Associations Not for Profit, 43 Harvard Law Review 993, the writer criticises the necessity for traditional property rights in this type of case and points out that courts have in fact disregarded this requirement if the rights of personality are of sufficient seriousness. He further points out that the traditional formulae for disregarding this are the alleged deprivation of some property right, or the fact that the by-laws and the constitution of the association constitute a contract between the association and its members and equity will enforce the provisions of that contract as a property right. His conclusion is that frequently the members' relation to the association is the real basis for protection in most cases where relief is granted against wrongful expulsion.

Accordingly, it would appear that although the issues involved in this case are not free from doubt, the complaint is sufficient as it stands to be sustainable against a motion to dismiss. Nothing that has been said herein has any bearing on the merits of the allegations contained in the complaint, all of which can be determined at the trial of the case.

The motion to dismiss the amended complaint is denied and the defendants are ordered to file an answer within 20 days.