## City Fire Fighters Association of Philadelphia, Local Union No. 22, v. Philadelphia Municipal Employees Welfare Fund Association et al.

*Charles W. Sweeney*, for plaintiff.

*James Francis Ryan*, for defendants.

CRUMLISH, J., January 25, 1952.—This case is before us on preliminary objections to an amended bill in equity.

Plaintiff is an unincorporated association and is composed of firemen in the bureau of public safety, in Philadelphia. Defendant is an unincorporated association; its membership consists of employes of the City of Philadelphia connected with the police bureau, fire bureau, electrical bureau, bureau of mechanical equipment, bureau of park guards, and guards working at the house of correction. A substantial number of the members of plaintiff association are also members of defendant association.

Prior to July 5, 1951, defendant association operated without the benefit of a constitution or bylaws. On that date, at a special meeting, a draft proposing a constitution and bylaws was presented to individual defendants mentioned in the caption of this case, who were the only ones invited and present at this meet-

ing; and was, after some discussion, adopted by them as and for the bylaws and constitution of defendant association. On July 19, 1951, the constitution and bylaws were presented at a meeting of plaintiff association and "a vote was taken as to whether or not they should be approved and it was decided to reject the constitution and bylaws."

It is contended that the constitution and bylaws are repugnant to the purpose for which defendant association was organized; that there are no "rules or regulations adopted by the defendant organization whereby the legality of the action adopting this constitution and bylaws can be attacked"; and that they have no adequate remedy at law. Plaintiff prays:

(a) That defendant association be restrained from adopting and putting into effect the constitution and bylaws;

(b) that defendant association be ordered to submit any constitution and bylaws to be adopted to the entire membership for approval;

(c) further relief.

To the amended bill, defendant has filed preliminary objections:

1. The bill in equity does not disclose a good cause of action.

2. The action as brought is in violation of Pa. R. C. P. 2152 as to form.

3. The named plaintiff "City Fire Fighters Association of Philadelphia, Local Union No. 22" is not a member of defendant association and, therefore, has no standing to bring action affecting the internal affairs of defendant association; and

4. The averments of the bill in equity disclose no property right or claim to a property right by plaintiff association against defendant association.

Objections 1, 3 and 4 may be considered together.

The question arising therefrom may be stated thus: May an unincorporated association maintain a bill in equity against another unincorporated association questioning the propriety of the adoption of a constitution and bylaws by the latter where:

(a) Plaintiff association is not a member of defendant association;

(b) is acting on behalf of a "substantial number" of its members who are also members of defendant association; and

(c) it is alleged that there are no rules and regulations adopted by defendant association whereby the legality of such adoption may be first determined.

This question must be answered in the negative for two reasons: First, plaintiff association has no standing to invoke a remedy on behalf of another. See Gusman v. Marrero, 180 U. S. 81, (1901); Loyal Orange Institution v. Morrison, 274 Pa. 302, (1922); 39 Am. Jur. 859, (Parties, §10).

Secondly, plaintiff association has suffered no redressable wrong or property loss. There can be no doubt that some of the members of plaintiff association feel aggrieved, angered and resentful toward defendant association, but this is not enough to give a court of equity jurisdiction. In Heasley et al. v. Operative Plasterers & Cement Finishers International Association, Local No. 31, et al., 324 Pa. 257-59, it was held:

"The *Act of June 16, 1836*, P. L. 784, Section 13, Paragraph 5, gives the courts of common pleas 'the jurisdiction and powers of a court of Chancery, so far as relates to—The supervision and control of all . . . unincorporated societies or associations' . . . It is true that, before such power is exercised, it must be shown that a right of property is involved: *Kearns v. Howley, 188 Pa. 116, 120; Hutchinson v. Goshorn, 256 Pa. 69,*

*71; Kenneck v. Pennock, 305 Pa. 288, 290; Spayd v. Ringing Rock Lodge, 74 Pa. Superior Ct. 139, 141-2."*

Under the circumstances it is not necessary for us to consider the second preliminary objection.

Accordingly, the preliminary objections nos. 1, 3 and 4 are sustained and the bill in equity filed in this cause is dismissed without prejudice to the rights of any members of plaintiff association to pray for equitable relief upon showing proper cause.