## Santimyer v. Westmoreland County Board of Elections

*Gary F. Selway*, for appellant.
*Irving L. Bloom*, for appellee.

HUDOCK, *J.*, October 2, 1978—Leonard L. Santimyer received four irregular "write-in" votes at the May 16, 1978, election for Republican county committeeman of North Irwin Borough, Westmoreland County, Pa. The Act of June 3, 1937, P.L. 1333, as amended, 25 P.S. §2872(f), provides that at least 10 signatures on a nomination petition for the office of county committeeman shall be required in order to have one's name placed on the ballot. The act also provides (Act of March 13, 1968, as amended, 25 P.S. §3155) that in the primary, the county board shall not certify the votes cast on irregular ballots for any person for the various offices, including the election to local party office, unless the total number of votes cast for the person is equal to or greater than the number of signatures required on the nomination petition for that particular office.

Mr. Santimyer did not file a nominating petition, but received four out of the five votes cast for the position of county committeeman in North Irwin Borough. The county board of elections refused to certify Mr. Santimyer for the reason that he did not receive the number of write-in votes required on the nomination petition (10). From this decision, Mr. Santimyer has filed an appeal under the act, supra.

Petitioner, Mr. Santimyer, argues that the primary election was, in effect, a "final ballot" for the office of county committeeman, since there would be no general election in the fall for this office. Whoever received a plurality of the votes in the primary would have been elected as committeeman. He argues that the legislature did not intend to establish a minimum number of votes re-

quired to obtain this office, and that the statute violates the equal protection clause of the 14th Amendment by disenfranchising the four persons who voted for petitioner.

The county contends that the action of the county board of elections was in accordance with the language of the statute and that there are no court decisions contrary to the language of the statute. The county bases its argument on the tenet that the office of committeeman is not an office over which the court has jurisdiction, as the duties of the committeeman are prescribed entirely by party rules, and not by public interest or importance. The county reasons, in other words, that the legislature, as a matter of courtesy and privilege, has granted to private political parties the ability to have their party officials selected through the public electoral process, and since party officials are not public officials there is no standing to challenge the constitutionality of the election code.

Historically, the courts have been reluctant to become involved in the determination of controversies relating to the holding of political party office. And in the case of Com. ex rel. Koontz v. Dunkle, 355 Pa. 493, 50 A. 2d 496 (1947), the Supreme Court, when faced with a petition for a writ of quo warranto to determine who was properly elected the chairman of the county committee, refused to interfere in the committeeman election problem and held that it would not entertain jurisdiction. The Koontz case represented the view long held by the courts. See Kenneck v. Pennock, 305 Pa. 288, 157 Atl. 613 (1931), and Kearns v. Howley, 188 Pa. 116, 41 Atl. 273 (1898).

The Supreme Court of Pennsylvania in an extensive opinion in the case of Bentman v. 7th Ward Democratic Executive Committee, 421 Pa. 188,

218 A. 2d 261 (1966), impliedly rejected that view, recognizing that the relationship between political parties, the government and the public has changed. ". . . [I]n many areas, the public interest is not only directly affected by political parties but such parties actually perform public functions imposed on them by law. Insofar as a political party performs statutorily-imposed public functions and to the extent that its actions constitute state action, the internal organization of such political party is a matter of such concern to the public as to make it subject to constitutional limitations and judicial restraint."

The Pennsylvania Election Code now governs the election of party officials. See the Act of June 3, 1937, P.L. 1333, sec. 101 et seq., 25 P.S. §2601 et seq., as supplemented by the Act of June 14, 1947, P.L. 610, sec. 1, 25 P.S. §2842. The 1947 amendment was enacted by the legislature as a reaction to the Koontz v. Dunkle, supra, decision. The statute must be read in its entirety to fully determine the intent of the legislation. Section 2840 provides that party committeemen shall be elected by a plurality of the votes of the party electors.

The election board by refusing to certify Santimyer as committeeman renders ineffective section 2840. Since the "plurality" section is the keystone of the election process of party officers it must be the guiding beacon in this case of statutory interpretation. The election board gives misplaced emphasis to section 3155 in its refusal to certify Santimyer. The primary election is a "final ballot" in the selection of party committeemen, and the "minimum vote" requirement of section 3155 cannot be read so as to undermine the "plurality" section (section 2840). Section 3155 must be read as

governing certification in primary elections, not final elections. Since Santimyer received four of five votes cast he must be certified as committeeman, and not be precluded from office by reason of the unusual fact that the "plurality" of votes was less than the minimum required for certification in a primary election.

The county argues that Santimyer has no standing to contest the decision of the election board, reasoning that political party committees are not of public interest, but private and not subject to the court's jurisdiction. The thrust of this contention is that the party itself can make its own rules and elect its own committeemen, and that the court should not intervene in the "private" political affairs of a party.

However, it is not the action of a political party which Santimyer challenges, but the action of the election board. Since the election board finds its authority in the election code its action is clearly state action. The board in the performance of its statutorily-imposed duties is undoubtedly subject to the jurisdiction of the courts.

The action by the election board, since it is state action, is subject to challenge by Santimyer. The Supreme Court in Bentman, supra, recognized that the position of committeeman had legal status arising out of the committeeman's function in the electorial process (the nomination and selection of *public* officials). Membership on a political committee was recognized as an important right, not only to the committeeman, but to the voters who elected such person to act as their representative on the committee.

It is presumed that the legislature did not intend to enact a statute which would violate the constitu-

tions of the United States or of the Commonwealth (Statutory Construction Act of May 28, 1937, P.L. 1019, sec. 52, 46 P.S. §552, as amended by the Statutory Construction Act of December 6, 1972, P.L. 1339, 1 Pa.C.S.A. §1922(3)). Failure to recognize the plurality of votes cast in favor of Santimyer, not only gives insufficient weight to the "plurality" section of the election code, but overlooks the constitutional right of equality as an elector to which each of the four Santimyer voters are entitled.

The appeal of Mr. Santimyer will be granted and he is to be certified as Republican committeeman from North Irwin Borough.

## ORDER

And now, October 2, 1978, the Board of Elections of Westmoreland County is directed to certify Leonard L. Santimyer as Republican committeeman of North Irwin Borough.